United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) |
| | ) |
| v. | ) No. 13-60029-Cr-Scola |
| | ) |
| Devlin Jean Baptiste, Defendant | ) |

### Order Denying Second Motion for Compassionate Release

Now before the Court is the Defendant Delvin Jean Baptiste's second motion for compassionate release from prison in light of the Covid-19 pandemic. For the reasons set forth below, the Court **denies** Baptiste's emergency motion (**ECF No. 727**).

The Court previously denied Baptiste's request for release because he did not exhaust his administrative remedies and because his motion did not demonstrate that extraordinary and compelling reasons support his release. Now, Baptiste alleges that he exhausted his administrative remedies. However, his attached letter from the Bureau of Prisons denying his request to be transferred to home confinement contradicts his allegation. Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). Here, he has not submitted a request for release to the warden and waited 30 days with no action taken—because the Bureau of Prisons responded to his request. (ECF No. 727 at 16.) He also has not appealed the Bureau of Prisons' decision as required by the sttute. Therefore, he still has not exhausted his administrative remedies.

Regardless of whether Baptiste exhausted his administrative remedies, he still has not shown that "extraordinary and compelling reasons" warrant his release. If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons" for her release, especially for inmates over the age of 65. Baptiste is a 36-year-old inmate suffering from hypertension, obesity, and high cholesterol. Baptiste does not provide details regarding his disorder's severity, nor does he attach medical records to demonstrate that he has the disease. He has not sufficiently demonstrated that he hypertension, nor that it is sufficiently severe to compel his release. Although people with hypertension and obesity are

at a statistically greater risk of succumbing to the coronavirus, this does not entitle every inmate with higher-than-average blood pressure to be released—as hypertension is common and not always severe. Therefore, Wilmore cannot show that extraordinary and compelling reasons support his release and, because he is 35-years-old, his risk of developing a severe case is diminished. *Cf. United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.) (granting compassionate release for the Defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence).

Therefore, the Court **denies** Baptiste's motion (**ECF No. 727**).

**Done and ordered** at Miami, Florida, on July 14, 2020.

_____
Robert N. Scola, Jr.
United States District Judge